UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

RAYDENE Y. CHRISTIAN,                    Case No.: 16-12266-BKC-LMI

    Debtor.                              Chapter 7

_____/

**MOTION TO DISMISS PURSUANT TO 11 U.S.C. SECTION 707(b)(1) ARISING UNDER 11 U.S.C. SECTION 707(b)(2) AND UNDER 11 U.S.C. SECTION 707(b)(3)**

COMES NOW Guy G. Gebhardt, Acting United States Trustee for Region 21, and respectfully requests the Court to dismiss this case pursuant to 11 U.S.C. § 707(b),[1] and in support hereof states as follows:

### I. FACTUAL BACKGROUND

On February 18, 2016 (the "Petition Date"), Raydene Y. Christian (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On the petition (ECF #1), the Debtor checked the box indicating that the nature of debts are consumer debts. The Debtor filed the chapter 7 statement of current monthly income and means test calculation - Official Form 122A-2 (ECF #5), wherein the Debtor checked the box indicating that the presumption did not arise.

Section 704(b)(1)(a) requires the United States Trustee to review all materials filed by the debtor and, not later than 10 days after the date of the first meeting of creditors, to file with the Court a statement as to whether the case is presumed to be an abuse under section 707(b). The section

---

[1] Unless otherwise indicated, all statutory references pertain to title 11 of the United States Code (the "Bankruptcy Code").

341(a) meeting of creditors was initially scheduled for March 22, 2016.

In accordance with his obligations under section 704(b)(1)(A), the United States Trustee investigated the financial affairs of the Debtor.

## II. ARGUMENT

A.   The Presumption of Abuse Arises under Standards Set Forth in Section 707(b)(2)

Section 707(b)(2)(A)(i) requires the court to presume that the debtor's chapter 7 filing is abusive if the debtor's current monthly income reduced by amounts determined under clauses (ii), (iii), and (iv) [of § 707(b)(2)(A)], and multiplied by 60 is not less than the lesser of –

   (I)   25 percent of the debtors' non-priority unsecured claims in the case, or $6,575.00, whichever is greater; or

   (II)   $10,950.00.

Stated differently, if after deducting all allowable expenses from a debtor's current monthly income, the debtor has less than $109.58 per month in monthly net income (i.e.: less than $6,575.00 to fund a 60-month plan), the filing is not presumed abusive. If the debtor has monthly net income of $182.50 or more (i.e.: at least $10,950.00 to fund a 60-month plan), the filing is presumed abusive. Finally, if the debtor's monthly disposable income is more than $109.58 but less than $182.50, the case will be presumed abusive if that sum, when multiplied by 60 months, will pay 25% or more of the debtor's non-priority unsecured debts.

If the presumption of abuse arises, the debtor may rebut the presumption only by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative. 11 U.S.C.

2

§707(b)(2)(B)(I).

In the present case, the United States Trustee contends that the presumption of abuse arises. Consequently, absent a rebuttal of the presumption of abuse in accordance with the requirements set forth at 11 U.S.C. § 707(b)(2)(B), the case must be dismissed under 11 U.S.C. § 707(b)(1).

B.   § 707(b)(3) Analysis

In the fulfillment of his oversight duties, the United States Trustee reviewed the petition and schedules of the Debtor.  Section 707(b)(3) provides that, in considering whether granting relief would be an abuse, the Court shall consider whether the totality of the circumstances merits dismissal.  Based on the above, even if the Court determines that the presumption of abuse does not arise here under section 707(b)(2)(A)(i), the particular facts of this case merit a dismissal under the totality of the circumstances standard of section 707(b)(3).

### III. **CONCLUSION**

Section 707(b)(1) provides that, after notice and a hearing, the Court may dismiss a case filed by an individual whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of chapter 7.  The Court should dismiss this case under Bankruptcy Code section 707(b)(1).  The presumption of abuse arises under section 707(b)(2).  If the Debtor rebuts the presumption or the Court finds the presumption does not arise, then the Court should dismiss this case upon a finding abuse under the totality of the circumstances pursuant to section 707(b)(3)(A). The Debtor has the ability to pay creditors a substantial dividend.[2]

WHEREFORE, the United States Trustee requests that the Court enter an order: i) dismissing

---

[2] It is the understanding of the United States Trustee that the Debtor consents to the relief requested in the motion or will seek conversion of the case to chapter 13.  In the event the Debtor withdraws her consent or the case is not converted to chapter 13, the United States Trustee reserves the right to amend or supplement the Motion.

3

this case; and ii) granting such other and further relief as is deemed just and proper.

    DATED: March 7, 2016.

                                                                Guy G. Gebhardt
                                                                Acting United States Trustee
                                                                Region 21

                                                               /s/
                                                              Ariel Rodriguez, Trial Attorney
                                                               Florida Bar No.: 160253
                                                               U.S. Trustee's Office
                                                               51 SW 1st Ave.
                                                               Miami, FL 33130
                                                               Phone: (305) 536-7285
                                                               Fax: (305) 536-7360
                                                               ariel.rodriguez@usdoj.gov

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been served on the following parties on March 7, 2016, electronically through CM/ECF, on parties having appeared electronically in the instant matter and that a copy hereof shall be served by U.S. Mail, postage prepaid, on the following parties not appearing electronically:

    Raydene Y. Christian
    8655 NW 2nd Terrace
    Miami, FL 33126

                                                               /s/
                                                               Ariel Rodriguez, Trial Attorney